SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN PC**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

-and-

Michael A. Brandess, Esq.(*pro hac vice granted*)
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Telephone: (312) 526-1542
Email: Michael.Brandess@huschblackwell.com

*Attorneys for Creditor James V. Deppoleto Jr.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>TAKEOVER INDUSTRIES, INC.<br><br>Debtor. | Case No. 25-50831 (<br>Chapter 7 |

**EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION OF METAVESCO PURSUANT TO FED. R. BANKR. P. 2004**

James V. Deppoleto, Jr. ("Creditor"), of the above captioned debtor, Takeover Industries, INC (the "Debtor" or "Takeover") by and through its undersigned counsel, respectfully moves this Court, pursuant Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada,[1] for the entry of an order directing Metavesco appear as set forth in a subpoena to be

[1] Unless otherwise stated, all "Chapter" and "Section" references are to Title 11 of the U.S. Code (the "Bankruptcy Code"), all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and all references to "Local Rules" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada (the "Local Rules").

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

issued pursuant to Fed. R. Bankr. P. 9016, at a time, place, and date to be mutually agreed upon by the parties or, if no such agreement is reached, **on no less than fourteen (14) days' notice**. In support of this motion (the "Motion"), Creditor respectfully states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are Section 105, Bankruptcy Rule 2004, and Local Rule 2004.

## CASE STATUS AND BACKGROUND

### Takeover's Formation

3. On September 10, 2025 (the "Petition Date"), the Debtor, filed a voluntary petition (the "Petition") under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned chapter 7 case.

4. Debtor is a beverage business established in 2021 that sells performance water products and energy drinks, including "gamer shots" under the brand name "NXT LVL."[2]

5. Michael Holley ("Holley"), Toby McBride ("McBride"), Joseph Pavlik ("Pavlik"), and Tom Zarro ("Zarro") served as officers and directors of Takeover at various times.[3]

6. On or about February 26, 2021, Labor Smart, Inc. ("Labor Smart"), a publicly traded entity, acquired Takeover, and Takeover became a wholly-owned subsidiary of Labor Smart. Labor Smart is traded under the stock symbol LTNC as an over -the-counter security, but it is presently delisted.[4]

7. Takeover grew into a successful brand, signing notable endorsements with celebrities

[2] *See* Deppoleto v. Takeover Indus. Inc., No. 2:22-CV-02013-GMN-BNW, 2025 WL 2391952 at * 2 (D. Nev. Aug. 15, 2025) (Hereinafter, the "Summary Judgment Decision"), judicial notice of which is requested.

[3] Plaintiff's First Amended Verified Complaint, Deppoleto v. Takeover Indus. Inc., No. 2:22-CV-02013-GMN-BNW (D. Nev. Sep. 13, 2023) [Dkt. No. 25] ¶¶ 11-14. (Hereafter the "Amended Complaint"), judicial notice of which is requested.

[4] Amended Complaint at ¶ 19.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

such as hip-hop artist T-Pain and former World Champion Boxer Emanual "Manny" Pacquiao ("Pacquiao").[5]

8. Takeover's contract with Pacquiao prohibited Pacquiao from providing endorsements or rendering services to any products competitive with Takeover's products during the term of the agreement and for six months following its expiration, and was executed by Pavlik and Pacquiao on April 27, 2021.[6]

**Creditor's Investment and Lawsuit**

9. Between May and November of 2022, Creditor invested in Takeover by way of three secured promissory notes and two supplemental loans in the principal sum of $2,015,698.48.[7]

10. Debtor breached its contract with Creditor and despite Creditor's demand for immediate payment upon default, Takeover has not repaid the amounts due.[8]

11. In addition to Creditor's secured debt interest, Creditor holds 200,000,000 shares of Takeover's common stock.[9]

12. Because of Debtor's refusal to repay Creditor, Creditor was forced to file a lawsuit for breach of contract against Debtor in the United States District Court for the District of Nevada (the court, the "District Court" and the lawsuit, "District Court Lawsuit") on December 2, 2022. The District Court Lawsuit is styled as *James v. Deppoleto, Jr. v. Takeover Industries Incorporated, et. al.* Case No. 2:22-cv-02013-GMN-BNW (D. Nev. 2022).

**Takeover's (and its officers' and directors) Fraudulent Transfers**

13. Shortly after the filing of the District Court Lawsuit, Takeover's board began to discuss forming a new beverage company: NextGen Beverages. The goal was to create a new entity capable of "spinning out," and because Takeover had multiple lawsuits and creditors, it was no longer a viable

[5] *Id.* at ¶ 24.

[6] *See id.* at ¶ 25.

[7] *See id.* at ¶¶ 52, 54.

[8] *Id.* at ¶ 90.

[9] *Id.* at ¶ 57.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

candidate."[10] Though under the terms of Creditor's notes, his approval was required to undertake a reorganization, Takeover's officers did not obtain his consent.[11]" Zarro, in addition to other Labor Smart investors and Board Members, funded NextGen's start-up capital. NextGen's manager-members were Holley and Zarro, and it became another wholly-owned subsidiary of Labor Smart. NextGen sold energy drinks, coffee, hydrogen water, and electrolyte stick packs. Holley and Zarro focused primarily on growing NextGen, not Takeover."[12]

14. Takeover's officers transferred Takeover's proprietary information, trade secrets, inventory, product ingredients, and other assets to NextGen Beverages without reasonable consideration in return.[13]

15. Moreover, upon information and belief, in or around June 2023, LOCK'DIN (an entity that sold Next Gen Beverage's products) through its purported Officers and Directors, Holley, McBride, Pavlik and Zarro, entered into an agreement with Pacquiao, whereby Pacquiao agreed to serve as LOCK'DIN'S brand ambassador, in direct violation of Pacquiao's contract with Takeover.[14]

16. Takeover also wrongfully abandoned or transferred other company assets, including its claims against Holley for misappropriation of company funds, which Takeover not only dismissed, but actually paid $5000 *to Holley,* despite his alleged wrongdoing, upon dismissal of the claims.[15]

**Amended Complaint and Summary Judgment Decisions**

17. After learning of the fraudulent transfers and misconduct, Creditor subsequently filed the Amended Complaint the District Court Lawsuit to name certain additional individuals connected to the Debtor's operations as defendants. The individuals are Holley, McBride, Pavlik and Zarro (the "Individual Defendants").

18. The Amended Complaint adds certain claims, including fraudulent transfer, fraud and

---

[10] Summary Judgment Decision at *3 (internal citations omitted).

[11] Amended Complaint at ¶ 72.

[12] Summary Judgment Decision at *3 (internal citations omitted).

[13] Amended Complaint at ¶¶ 72, 74.

[14] *Id*. at ¶ 73.

[15] Summary Judgment Decision at *3.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

derivative breach of fiduciary claims against the Individual Defendants.

19. Creditor moved for summary judgment on certain of its claims in the District Court Lawsuit and the District Court granted the motion in part with respect to Creditor's claims for breach of contract, but denied the motion with respect to Creditor's fraudulent transfer claims.

20. With respect to the fraudulent transfer claims, the Court found that "transfers were made to Holley, Zarro, and NextGen Beverages."[16] These transfers included: 1) Takeover's dismissal of claims against Holley and payment of $5000; 2) Takeover's sale of hydrogen gamer shots to Zarro for less than retail value; 3) Zarro's transfer of Takeover's water recipe to NextGen and 4) and Takeover's transfer of $25,000 to NextGen.[17]

21. Upon information and belief, Metavesco, a publicly traded company in which Ryan Schadel, Labor Smart's former chief executive officer, is a director, has information about the transfer and/or location of the Debtor's assets.

**ARGUMENT**

22. An examination pursuant to Bankruptcy Rule 2004 "can be ordered 'on motion of any party in interest.'" *In re Stasz*, 387 B.R. 271, 273, n.3 (9th Cir. 2008); *see also In re Lifeco Inv. Group, Inc.*, 173 B.R. 478, 480 (Bankr. D. Del. 1994) (*quoting* Fed. R. Bankr. P. 2004(a)). Bankruptcy Rule 2004 further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan." Fed. R. Bankr. P. 2004(b); *In re Dinubilo*, 177 B.R. 932, 935 (E.D. Cal. 1993) (noting "[u]nder Rule 2004, a court may order the examination of any person or motion of any party in interest."). Generally, the purpose of a Bankruptcy Rule 2004 examination is to "discover assets, examine transactions, and determine whether wrongdoing has occurred." *In re North Plaza, LLC*, 395 B.R. 113, 122 n.9 (S.D. Cal.

[16] *Id.* at * 10

[17] *Id.*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

2008) (*citing In re Rafsky*, 300 B.R. 152, 153, n.2 (D. Conn. 2003)); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

23. The scope of a Bankruptcy Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. *See* 9 *Collier on Bankruptcy* ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997); *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993) (*quoting In re GHR Energy Corp., Inc.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The broad latitude of Bankruptcy Rule 2004 examinations furthers the purpose of the rule, which is "to allow the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate." *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (permitted Bankruptcy Rule 2004 examination aimed at "obtaining information that will . . . potentially uncover additional claims that may exist for the benefit of the estate"); *In re W&S Invs.*, 1993 U.S. App. LEXIS 2231, at *5 (9th Cir. 1993) ("Bankruptcy Rule 2004 is a broadly construed discovery device."); *In re French*, 145 B.R. at 992 ("Bankruptcy Rule 2004 . . . does not offer the procedural safeguards available under Rule 26 of the Federal Rules of Civil Procedure.").

24. The information that Creditor seeks through this Motion relate to matters that are clearly within the permitted scope of Rule 2004, including, but not limited to, information about the transfer and/or location of the Debtor's assets.

25. Local Rule 2004(b) further provides, in part, "[t]he clerk may sign orders for examination if the date set for examination is more than fourteen (14) days from the date the motion is filed." This Motion is being filed more than fourteen (14) prior to the date set for the examination. Accordingly, the clerk is authorized to sign an order granting this Motion.

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

## CONCLUSION

For the reasons stated above, Creditor respectfully requests that the Court enter an order directing Metavesco to appear for an examination pursuant to Bankruptcy Rule 2004 at a time, place, and date to be mutually agreed upon by the parties or, if no such agreement is reached, on no less than fourteen (14) days' notice. A proposed order is attached hereto as Exhibit 1.

Dated this 14th day of November 2025.

**SHEA LARSEN PC**

/s/ *Bart K. Larsen, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

-and-

Michael A. Brandess, Esq.(*pro hac vice granted*)
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Telephone: (312) 526-1542
Email:
Michael.Brandess@huschblackwell.com

*Attorney for James v. Deppoleto*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

## CERTIFICATE OF SERVICE

1. On November 14, 2025, I served the following document(s): **EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION OF METAVESCO PURSUANT TO FED. R. BANKR. P. 2004**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

All parties appearing in this matter and receiving e-filing notifications.

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2025

By: */s/ Bart K. Larsen, Esq,*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**EXHIBIT 1**

James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN PC**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

-and-

Michael A. Brandess, Esq.(*pro hac vice granted*)
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Telephone: (312) 526-1542
Email: Michael.Brandess@huschblackwell.com

*Attorneys for Creditor James V. Deppoleto Jr.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>TAKEOVER INDUSTRIES, INC.<br><br>Debtor. | Case No. 25-50831<br>Chapter 7 |

**ORDER GRANTING EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION OF METAVESCO PURSUANT TO FED. R. BANKR. P. 2004**

This Court having reviewed the *Ex Parte Motion for an Order Directing Examination of Metavesco Pursuant to Fed. R. Bankr. P. 2004.* [ECF No. X] (the "Motion") filed by James V.

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

Deppoleto ("Deppoleto") and for good cause appearing:

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that Metavesco shall appear for an examination under oath before a certified court reporter at a time, place, and date to be mutually agreed upon by the parties, or if no such agreement is reached, upon no less than fourteen (14) calendar days' written notice by Mr. Deppoleto, as to any matter permitted by Fed. R. Bankr. P. 2004, including but not limited to the matters specifically enumerated in the Motion.

**IT IS SO ORDERED.**

Submitted by:

**SHEA LARSEN PC**

/s/ *Bart K. Larsen, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Counsel for James V. Deppoleto*