James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN PC**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

-and-

Michael A. Brandess, Esq.(*pro hac vice granted*)
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Telephone: (312) 526-1542
Email: Michael.Brandess@huschblackwell.com

*Attorneys for Creditor James V. Deppoleto Jr.*



**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re TAKEOVER INDUSTRIES, INC.<br><br>Debtor. | Case No. 25-50831<br><br>Chapter 7 |

**NOTICE OF ISSUANCE OF SUBPOENA FOR RULE 2004 EXAMINATION OF LABORSMART**

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

///

///

///

///

///

///

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4) and Fed. R. Bankr. P. 2004, Creditor James V. Deppoleto, Jr. ("Deppoleto"), by and through its undersigned attorneys, intends to serve the *Subpoena for Rule 2004 Examination* attached hereto as Exhibit 1 on Laborsmart.

Dated this 10th day of December 2025.

**SHEA LARSEN PC**

/s/ *Bart K. Larsen*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email: jshea@shea.law
blarsen@shea.law
kwyant@shea.law

-and-

Michael A. Brandess, Esq.(*pro hac vice granted*)
**HUSCH BLACKWELL LLP**
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Telephone: (312) 526-1542
Email:
Michael.Brandess@huschblackwell.com

*Attorney for Creditor James V. Deppoleto*

SHEA LARSEN
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

**CERTIFICATE OF SERVICE**

1. On December 10, 2025, I served the following document(s): **NOTICE OF ISSUANCE OF SUBPOENA FOR RULE 2004 EXAMINATION OF LABORSMART**

2. I served the above document(s) by the following means to the persons as listed below:

☒ a. ECF System:

All parties appearing in this matter and receiving e-filing notifications.

☐ b. United States mail, postage fully prepaid:

☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ d. By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432

service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 10, 2025

By: /s/ *Bart K. Larsen, Esq,*

**EXHIBIT 1**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Nevada

| | |
|---|---|
| In re TAKEOVER INDUSTRIES, INC.<br><br>Debtor. | Case No. 25-50831<br><br>Chapter 7 |

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **LABORSMART**
Corporation Service Company; 251 Little Falls Drive Wilmington, Delaware 19808

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. **A copy of the court order authorizing the examination is attached hereto as Exhibit B.**

| LOCATION: | DATE AND TIME: |
|---|---|
| Veritext<br>300 Delaware Avenue Suite 815, Wilmington, Delaware 19801<br>Remote appearances may be available. Instructions will be provided as applicable. | **February 17, 2026 at 10:00 a.m.** |

The examination will be recorded by this method: stenographic and/or videotape.

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **A list of items to be produced before February 17, 2026 and topics for examination are attached hereto as Exhibit A. Production to Bart K. Larsen at blarsen@shea.law and Michael Brandess at Michael.brandess@huschblackwell.com is also permitted and preferred.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 10, 2025

| | |
|---|---|
| CLERK OF COURT | OR |
| ______________________________<br>*Signature of Clerk or Deputy Clerk* | /s/*Bart K. Larsen, Esq.*<br>Attorney's signature |

The name, address, email address, and telephone number of the attorney representing Creditor, James V. Deppoleto, Jr., who issues or requests this subpoena, are: SHEA LARSEN PC, 1731 Village Center Circle, Suite 150, Las Vegas, Nevada 89134, (702) 471-7432, blarsen@shea.law and Michael Brandess, Husch Blackwell LLP, 120 South Riverside Plaza, 22nd Floor Chicago, Illinois 60606, (713) 333-5100, michael.brandess@huschblackwell.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)*___________.

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
______________________________________________________________________________________________
___________________________________ on (*date*)____________________; or

☐ I returned the subpoena unexecuted because: _____________________________________________________________
______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $________________________.

My fees are $__________for travel and $__________for services, for a total of $__________.

I declare under penalty of perjury that this information is true and correct.

Date: ________________

________________________________________
*Server's signature*

________________________________________
*Printed name and title*

________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1. **Affiliate**. The term "Affiliate" refers to the term "affiliate" as defined at 11 U.S.C. § 101(2).

2. **Assets**. The term "Assets" means any and all items of value, whether tangible or intangible, owned by, controlled by, possessed by, or held for the benefit of any Person or entity, including but not limited to: cash, cash equivalents, accounts, securities, real property, personal property, inventory, equipment, machinery, vehicles, furniture, fixtures, supplies, intellectual property, trade secrets, proprietary information, formulas, recipes, specifications, customer lists, vendor lists, goodwill, contractual rights, rights of action, and any other property, interest, or right, whether physical or non-physical, and whether now existing or hereafter acquired.

3. **Deppoleto, Jr**. The term "Deppoleto, Jr." refers to James V. Deppoleto, Jr., the Plaintiff in this action, a creditor and shareholder of Takeover.

4. **Communications**. The term "communications" means any oral or written statement, dialogue, colloquy, discussion, or conversation, and includes any transfer of thoughts, ideas, data, or information between persons or locations by means of any Documents or by any other means, including but not limited to electronic or similar means. For the avoidance of doubt, "Communication" includes, without limitation, all forms of communication conducted via electronic messaging, social media, or online platforms, including but not limited to Discord, X (formerly known as Twitter), Instagram, and any similar messaging or social media platforms, as well as email, text message, direct message, chat, or other digital or electronic communication services.

5. **Control**. The term "Control" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

6. **Document**. The term "documents" means any written or graphic matter and other

means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records). For the avoidance of doubt, Document includes but is not limited to all Communications.

7. **Intangible Asset**. The term "intangible asset" means any non-physical asset, including but not limited to intellectual property, trade secrets, formulas, recipes, specifications, customer lists, vendor lists, proprietary information, trademarks, copyrights, patents, goodwill, and know-how.

**8.** **LTNC.** The term "LTNC" refers to Labor Smart, Inc., a publicly traded entity, the parent company of Takeover, traded under the symbol LTNC.

9. **NextGen Beverages**. The term "NextGen Beverages" refers to NextGen Beverages LLC d/b/a Lock'din ("NextGen Beverages" or "Lock'din"), a Wyoming limited liability company.

10. **Person**. The term "Person" refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, managers, employees, agents, attorneys, affiliates, or other

representatives thereof, or third parties retained by any of the above.

11. **Relevant Time Period**. The term "Relevant Time Period" shall mean the period from January 1, 2021, through the present.

12. **Representative**. The term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

13. **Takeover**. The term "Takeover" refers to Takeover Industries, Inc., a beverage business that sells performance water products and energy drinks, under the brand name "NXT LVL.

14. **Tangible Asset**. The term "Tangible Asset" means any asset that has a physical form, including but not limited to inventory, raw materials, finished goods, equipment, machinery, vehicles, furniture, fixtures, computers, office supplies, and any other physical property owned, leased, or used by a Person.

15. **You/Your**. The terms "you" and "your" refer to the person or entity to whom these requests are directed, including all agents, representatives, employees, attorneys, and any other person or entity acting or purporting to act on their behalf.

16. The terms "related to", "relate to", or "relating to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

17. The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Requested Documents any answer that might be deemed outside their scope by another construction.

18. When producing the Documents, please keep all Documents segregated by the file in which the Documents are contained and indicate the name of the file in which the Documents are contained, and the name of the Documents being produced.

19. When producing the required Documents, please produce all other Documents that are clipped, stapled, or otherwise attached to any requested Document.

20. In the event such file(s) or Document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

21. Each draft, final Document, original, reproduction, and each signed and unsigned Document and every additional copy of such Document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one Document produced shall be deemed and considered to constitute a separate Document.

22. If any of the Documents encompassed by the attached request for production of Documents is/are deemed by you to be privileged, furnish all non-privileged Documents and provide a log outlining all Documents claimed as privileged which includes: (a) the type of privilege claimed for each Document; (b) a brief description of the Document; (c) the author of the Document sufficient to identify it; (d) the recipient (if any); (e) the date of the Document.

23. When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any Documents which might otherwise be construed to be outside the scope hereof.

24. In addition to Documents currently in your possession, custody or control, you are to produce all Documents within the scope of these requests that are not currently in your possession, custody, or control but can be obtained through reasonable effort.

25. This request calls for the production of all electronic Documents and electronically stored information (ESI) responsive to the requests below, including but not limited to e-mails and any related attachments, electronic files, or other data compilations that relate to the categories of Documents requested below. Your search for these electronically stored Documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, iPhones, smart phones, tablets, iPads, proprietary software,

and inactive or unused computer disc storage areas.

## DOCUMENT PRODUCTION REQUESTS

1. All documents and communications, including but not limited to minutes, Board of Directors or Committee resolutions, or other corporate records related to Takeover, including but not limited to those concerning any bankruptcy filing, Manny Pacquiao, or the transfer of any Asset from Takeover to any third party during the Relevant Time Period.

2. A complete list of all Affiliates of Takeover and to the extent not an Affiliate, NextGen Beverages in the food and beverage industry that are or have been owned, directly or indirectly, in whole or in part, by LTNC. For each entity, identify the name, jurisdiction of formation, dates of ownership, and nature of LTNC's ownership interest.

3. A complete list of all transfers of Assets, including Tangible Assets, Intangible Assets, and money, from LTNC to any other Person or entity related to Takeover during the Relevant Time Period. For each transfer, identify the date, the Asset or amount transferred, the recipient, and the purpose of the transfer.

4. A complete list of all instances in which Assets or money were shared between LTNC and Takeover or any Affiliate of Takeover , including but not limited to any instance in which LTNC used a bank account owned or controlled by such Affiliate For each instance, identify the date, the parties involved, the Asset or amount shared, and the circumstances of the sharing or use.

5. All documents and communications related to Mr. Deppoleto, Jr.'s convertible note or any convertible debt transaction with Takeover, including any negotiations, drafts, amendments, notices, or correspondence.

6. All documents and communications related to branding, brand strategy, brand development, or brand transition at Takeover during the Relevant Time Period, including but not limited to all communications with any third party.

**TOPICS FOR EXAMINATION**

1. Any documents or communications produced in response to these requests.

2. The actions, deliberations, and decisions of the Board of Directors or any Committee of Takeover during the Relevant Time Period, including any matters concerning bankruptcy filings, Manny Pacquiao, or the transfer of any Assets from Takeover to any third party.

3. The ownership, direct or indirect, in whole or in part, by LTNC of any entities in the food and beverage industry during the Relevant Time Period, including the name, jurisdiction of formation, dates of ownership, and nature of LTNC's ownership interest in each such entity.

4. All transfers of Assets, including Tangible Assets, Intangible Assets, and money, from LTNC to any other Person or entity during the Relevant Time Period, including the date, Asset or amount transferred, recipient, and purpose of each transfer.

5. All instances in which Assets or money were shared between LTNC and any related or Affiliated entity, including but not limited to any instance in which LTNC used a bank account owned or controlled by any related or affiliated entity, and the date, parties involved, Asset or amount shared, and circumstances of each instance.

6. The negotiation, execution, amendment, or correspondence relating to Mr. Deppoleto, Jr.'s convertible note or any convertible debt transaction with Takeover, including all drafts, notices, and related communications.

7. The development, strategy, transition, or communications regarding branding, brand strategy, brand development, or brand transition at Takeover during the Relevant Time Period, including all communications with third parties